# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Nathaniel Dumas,  Case No. 4:16CV1871

    Petitioner

    v.  **ORDER**

Mark Hooks, Warden,

    Respondent

Pending in this state prisoner's habeas case under 28 U.S.C. § 2254 is Magistrate Judge Ruiz's Report and Recommendation, which recommends that I deny habeas relief; the petitioner's objections to the R&R; and several motions by the petitioner for various forms of relief.

The Magistrate Judge concluded that the writ was unavailable because the petitioner procedurally defaulted his ten claims for relief.

Magistrate Judge Ruiz ruled that the petitioner defaulted his first six claims because he did not comply with Ohio Supreme Court Rule of Practice 7.01(A)(5)(c), which governs appeals to the Ohio Supreme Court after the appellant has filed a motion for reconsideration in the Ohio Court of Appeals. Because the petitioner did not provide the Ohio Supreme Court with certain information that the Rule required him to provide, the Magistrate Judge found that he did not fairly present his claims to the Ohio Supreme Court.

Regarding claims seven through ten, the Magistrate Judge ruled that they were defaulted because the state appellate court held that the postconviction petition raising those claims was untimely.

After the Magistrate Judge issued the R&R, the petitioner filed an objection (Doc. 51) and moved for the appointment of counsel (Doc. 50). He then sought a lengthy stay of proceedings so that he could supplement his objections with new case law. (Doc. 53). Finally, the petitioner moved to amend his objections (Doc. 54), requested an evidentiary hearing (Doc. 55), and again asked for a lawyer to assist him (Doc. 57).

**A. Miscellaneous Motions**

Having reviewed the docket, the Magistrate Judge's R&R, and the pending motions, I will first deny the motions for appointment of counsel. The only issues before me are whether the petitioner's claims are defaulted and, if so, whether there is any basis to excuse the defaults. Those are issues I can address based on the record and the case law. Should I conclude that the claims are not defaulted, and that further proceedings are warranted, I will reconsider whether to appoint counsel.

Second, because the petitioner has already filed his motion to amend his objections, I will deny his motion for a stay as moot.

Third, I will grant the motion to amend and consider both the original and amended objections in deciding whether to adopt or reject the R&R. However, the petitioner may not file any further objections to the R&R.

Fourth, I will deny the motion for an evidentiary hearing. Further development of the factual record is neither necessary nor appropriate to resolve the issue of procedural default.

## B. Order to File a Response to the Objections

Finally, despite the petitioner's objections only tangentially, if at all, addressing the issue of procedural default, I will order the respondent to file a response that addresses the Magistrate Judge's finding that the petitioner defaulted his first six claims.

First, the Warden's return of writ raised a different procedural-default argument than the one on which the Magistrate Judge relied.

There the Warden argued that the claims were defaulted because the petitioner's appeal to the Ohio Supreme Court was untimely, and because the state high court's rejection of the petitioner's motion for leave to file a delayed appeal was an adequate and independent state-law ground of decision. (Doc. 30 at 17-18). The Magistrate Judge, however, persuasively explained why the petitioner's appeal to the Ohio Supreme Court was timely. But he went on to find that the petitioner's failure to comply with a rule governing otherwise timely appeals to the Ohio Supreme Court after reconsideration proceedings in the Ohio Court of Appeals worked a default.

Because the Warden did not raise that defense in the return of writ, he should address whether this is an "exceptional" case in which it was appropriate for the to raise that issue (as well as any other default defenses that might be applicable here) in the first instance. *See Wood v. Milyard*, 566 U.S. 463, 470-73 (2012); *Day v. McDonough*, 547 U.S. 198, 202 (2006).

Second, while the Warden argued that the petitioner's appeal to the Ohio Supreme Court was untimely, the Magistrate Judge's R&R shows that this was not the case. (Doc. 47 at 18-19).

As Magistrate Judge Ruiz explained, this was because the petitioner moved for reconsideration in the state appellate court within the fourteen-day period in which to file such a motion; that timely submission, in turn, tolled the forty-five-day window in which the petitioner could have sought discretionary review in the state supreme court. *See* Ohio S. Ct. Prac. R.

7.01(A)(5)(a). Nevertheless, the petitioner, who was then proceeding pro se (and who may have been unaware of the tolling effect of his reconsideration motion), filed a motion to take a delayed appeal, a procedure that is necessary only when "the time has expired for filing a notice of appeal in the Supreme Court[.]" Ohio S. Ct. Prac. R. 7.01(A)(4)(a). The Ohio Supreme Court then denied the motion without stating the reason for doing so (though of course it was under no obligation to give such a reason).

In light of these circumstances, the Warden must address what factual basis there was, if any, to support his argument that the appeal to the Ohio Supreme Court was untimely. More importantly, the Warden must address whether the Ohio Supreme Court's denial of leave to file a delayed appeal – when it appears that no such leave was required – can constitute an adequate ground of decision in this case. *See Lee v. Kemna*, 534 U.S. 362, 376 (2002) ("There are, however, exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question."). Here the Warden should discuss the significance, if any, of the petitioner's failure, as noted by the Magistrate Judge (Doc. 47 at 22), to alert the Ohio Supreme Court to the fact that he had filed a motion for reconsideration in the state appellate court.

Finally, the Warden must address whether finding a procedural default on the basis that the petitioner failed to comply with Ohio S. Ct. R. Prac. 7.01(A)(5)(c)(i) and (ii) would be consistent with *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). One component of the *Maupin* test is that the state court actually enforced a given procedural rule. Here, however, the state supreme court said nothing about the petitioner's non-compliance with Rule 7.01(A)(5)(c), which is not surprising, given that the state supreme court appears must have believed that it was dealing with an untimely or delayed appeal.

**Conclusion**

It is, therefore,

ORDERED THAT:

1. The petitioner's motions for appointment of counsel (Docs. 50, 57) be, and the same hereby are, denied.

2. The petitioner's motion for a stay (Doc. 53) be, and the same hereby is, denied as moot.

3. The petitioner's motion for leave to amend his objection (Doc. 54) be, and the same hereby is, granted.

4. The petitioner's motion for an evidentiary hearing (Doc. 55) be, and the same hereby is, denied.

5. The Warden must file a response as outlined in this order by February 15, 2019. Petitioner may, but need not, file a reply no later than March 15, 2019.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge