# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Nathaniel Dumas,  Case No. 4:16CV1871

    Petitioner

    v.  **ORDER**

Mark Hooks, Warden,

    Respondent

    This is a state prisoner's habeas corpus case under 28 U.S.C. § 2254.

    Following a 2015 trial in the Common Pleas Court of Mahoning County, Ohio, a jury convicted the petitioner, Nathaniel Dumas, of felony murder and aggravated robbery. The trial court imposed a sentence of between twenty-eight years and life imprisonment. The Court of Appeals of Ohio affirmed the convictions and sentence, *State v. Dumas*, 2015-Ohio-2683 (Ohio App. 2015), and the Ohio Supreme Court declined to review the case, *State v. Dumas*, 143 Ohio St. 3d 1498 (2015) (table).

    Petitioner litigated an application to reopen his direct appeal and two postconviction petitions, but the Ohio courts denied relief. *State v. Dumas*, 2016-Ohio-4799 (Ohio App. 2016); *State v. Dumas*, 2017-Ohio-731 (Ohio App. 2017).

    He then filed the pending § 2254 petition, which raises ten grounds for relief. (Doc. 1).

    Magistrate Judge Ruiz prepared a Report and Recommendation that recommended that I deny the petition because all of petitioner's claims are defaulted. (Doc. 47).

The Magistrate Judge concluded that petitioner defaulted his first six claims for relief because he did not comply with Ohio Supreme Court Rule of Practice 7.01(A)(5)(c). (*Id.*, PageID 2744–49).

Under that rule, an appellant who seeks leave to appeal to the Ohio Supreme Court after first moving for reconsideration of an adverse judgment in the Ohio Court of Appeals must file with the state supreme court: 1) a notice of appeal stating the date on which the appellate court issued its judgment, the date on which the appellant moved for reconsideration, and the date on which the appellate court denied reconsideration; and 2) a memorandum in support of jurisdiction that lists the propositions of law that the appellant wishes the state supreme court to consider. Ohio S. Ct. Prac. R. 7.01(A)(5)(c)(i), (ii).

Because petitioner did not file a memorandum in support of jurisdiction or alert the state supreme court that he had sought reconsideration in the appellate court, the Magistrate Judge ruled that petitioner's claims were defaulted. (Doc. 47, PageID 2749).

The Magistrate Judge then concluded that the remaining claims were defaulted because the Ohio courts denied them on timeliness grounds. (*Id.*, PageID 2749–51).

On my initial de novo review of the R&R, I questioned whether it was appropriate to rely on petitioner's noncompliance with Rule 7.01(A)(5)(c) as a basis to find procedural default, given that: 1) the Warden did not raise that particular default in his return of writ (the Warden instead argued that petitioner defaulted his first six claims because his appeal to the Ohio Supreme Court was untimely); and 2) the Ohio Supreme Court did not cite petitioner's noncompliance with that Rule as a basis for ruling against him. (Doc. 58, PageID 2918–19).

I therefore ordered the Warden to file a response addressing that issue.

On review of the Warden's supplemental response and petitioner's reply (Docs. 59, 60), as well as petitioner's original and amended objections to the R&R (Docs. 51, 54), I will overrule the objections, adopt the R&R as the order of the court, and deny the petition.

**Discussion**

It is undisputed that petitioner did not comply with Ohio Supreme Court Rule of Practice 7.01(A)(5)(c) when he attempted to take an appeal to the Ohio Supreme Court on direct appeal.

Although petitioner filed a notice of appeal, it did not contain the key information that the Rule required: the date of the appellate court's original decision, the date on which petitioner moved for reconsideration, and that date on which the court denied reconsideration. (Doc. 30–1, PageID 1083–84). More importantly, petitioner never filed a memorandum in support of jurisdiction that listed the claims that he wanted the Ohio Supreme Court to review. (*Id.*, PageID 1085–1112). Thus petitioner did not present *any* claims to the Ohio Supreme Court.

The only issue before me is whether it is appropriate to base a default finding on petitioner's noncompliance with Rule 7.01(A)(5)(c) when the Warden did not raise that default defense in his return of writ.

I believe that it is.

First, federal courts have discretion to raise a procedural default defense *sua sponte*. *See Wood v. Milyard*, 566 U.S. 463, 465 (2012) ("a court may consider a statute of limitations or other threshold bar the State failed to raise in answering a habeas petition"); *Cradler v. U.S.*, 891 F.3d 659, 665–66 (6th Cir. 2018) (same); *U.S. v. Busch*, 411 F. App'x 872, 875 (6th Cir. 2011) (even "a waiver by the state does not prevent us from considering" a default defense not raised in the district court, "since we may consider a newly-raised default argument, if we so wish") (internal quotation marks and brackets omitted).

Second, while the Warden did not rely on Rule 7.01(A)(5)(c) in his return of writ, he clearly argued that petitioner had defaulted his first six claims during the proceedings in the Ohio Supreme Court. (Doc. 30, PageID 710–12). In the same vein, the Warden emphasized that those claims "were not presented to each level of the Ohio courts." (*Id.*, PageID 712). That was accurate, though the Warden's supporting rationale (the supposed untimeliness of the appeal) was not. Finally, the default that the Warden did raise was intertwined with the default that the Magistrate Judge raised: both centered on the adequacy of petitioner's presentation of his claims to the Ohio Supreme Court.

All of these considerations, coupled with the obvious and indisputable nature of petitioner's default, weigh in favor of exercising my discretion to consider the default that the Magistrate Judge first raised.

Third, "the main concern with raising procedural default *sua sponte* is that a petitioner not be disadvantaged without having had an opportunity to respond." *Brinkley v. Houk*, 2012 WL 1537661, *9 (N.D. Ohio 2012) (Adams, J.). Here, however, petitioner cannot claim any prejudice because he had at least three opportunities to address the Magistrate Judge's default ruling: his original and amended objections and his supplemental response.

For all these reasons, it was appropriate for the Magistrate Judge to recommend a finding that petitioner defaulted claims one through six in the Ohio Supreme Court, just as it is appropriate for me to adopt that recommendation and deny those claims as procedurally defaulted.

In sum, petitioner did not present claims one through six to the Ohio Supreme Court on direct appeal. Because he did not present those claims during one complete round of state court review, the claims are defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Likewise, I

agree with the Magistrate Judge that claims seven through ten are defaulted because the Ohio courts held that they were untimely under state law. (Doc. 47, PageID 2750–51).

Finally, the Magistrate Judge was correct to conclude that there are no grounds to excuse these defaults. (*Id.*, PageID 2751–53).[1]

For all these reasons, petitioner is not entitled to habeas corpus relief.

## Conclusion

It is, therefore,

ORDERED THAT:

1. Petitioner's original and amended objections to the Report and Recommendation (Docs. 51, 54) be, and the same hereby are, overruled.

2. The Magistrate Judge's Report and Recommendation (Doc. 47) be, and the same hereby is, adopted as the order of the court.

3. The petition for a writ of habeas corpus (Doc. 1) be, and the same hereby is, denied.

4. No certificate of appealability will issue.

So ordered

/s/ James G. Carr
Sr. U.S. District Judge

---

[1] As the Magistrate Judge explained, "[n]either Dumas's petition nor his traverse sets forth any cause or ensuing prejudice that would allow this court to excuse the procedural default of any of his grounds for relief." (Doc. 47, PageID 2751). Furthermore, to the extent that petitioner's argument that he was not physically present when the crimes occurred could be deemed an actual-innocence argument, the Magistrate Judge correctly rejected it because the jury convicted petitioner as an accomplice. (*Id.*, PageID 2753). Although petitioner has attempted to raise new arguments to excuse his defaults in his objections to the R&R and his supplemental response, those arguments are not properly before me because petitioner never presented them to the Magistrate Judge. *Murr v. U.S.*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *Wilson v. Coleman*, 2019 WL 3574738, *3 (N.D. Ohio 2019) (Lioi, J.); *see also* (Doc. 60, PageID 2947) (petitioner stating that he did not raise actual-innocence argument before the issuance of the R&R).